CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

MAY 13 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| ROBERT F. CRIST, | ) | CASE NO. 3:05CV00017 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| THE ROCHESTER CORPORATION, | ) | |
| | ) | By:  B. WAUGH CRIGLER |
| Defendant, | ) | U.S. MAGISTRATE JUDGE |

On May 12, 2005, just prior to a pretrial hearing scheduled the same day before the undersigned, the presiding District Judge entered an order adopting the undersigned's Report and Recommendation entered on April 22, 2005 granting the plaintiff's motion to voluntarily dismiss Count III of his Motion for Judgment, the count upon which the defendant asserted subject matter jurisdiction for the removal of this action from the Circuit Court of Culpeper County, Virginia. At the pretrial hearing, plaintiff verbally moved to remand the case on the basis that the only count supporting subject matter jurisdiction had been dismissed and that the case should be remanded to the state court for the adjudication of the remaining, purely state law claims. The defendant opposed the motion on the grounds that it had filed a motion to dismiss the remaining claims and that the court should exercise its discretion and retain those claims for an adjudication on the merits. Counsel for the defendant requested leave to brief the issue, which the undersigned declined on the basis that further pleadings or briefs in this case will not materially aid disposition of the issue before the court.

The undersigned first observes that this case is at its early stages where the court had not even fixed a pretrial schedule or set a hearing date on the defendant's motion to dismiss. Moreover, the remaining claim(s) involve purely state law issues which should and would have been

addressed by the state court had the case not been removed because Count III provided a subject matter jurisdictional basis. Since that claim now has been dismissed, without objection by defendant, and because the case is at a stage where the state court just as expeditiously could rule of the motion to dismiss as this court without any material prejudice to either side, particularly the defendant who opposes remand, the undersigned

RECOMMENDS

that in accordance with 28 U.S.C. § 1367(c), the presiding District Judge exercise his discretion and OVERRULE the defendant's objection to remand, GRANT the plaintiff's verbal motion to remand and REMAND the case to the Circuit Court of Culpeper County, Virginia without ruling on the defendant's outstanding substantive motion.

The Clerk is directed immediately to transmit the record in this case to the presiding District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within ten (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk of the Court hereby is directed to transmit a copy of this order to all counsel of record.

ENTERED: /s/ [signature]
U.S. Magistrate Judge

May 13, 2005
Date